UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK ALLEN ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:10-0165 |
| ] | Judge Trauger |
| TONY PARKER, WARDEN ] | |
|     Respondent. ] | |

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the facility, seeking a writ of habeas corpus.

### A. Background

On October 14, 2003, a jury in Robertson County found the petitioner guilty of 1) exhibiting materials harmful to a minor, 2) especially aggravated sexual exploitation of a minor, and 3) the rape of a child. Docket Entry No.27-1 at pgs.65-70. For these crimes, he received an aggregate sentence of twenty four (24) years in prison. *Id.* at pgs.74-76.

No timely direct appeal of the convictions was taken by the petitioner's attorney. As a consequence, the petitioner filed a *pro se* petition for post-conviction relief, alleging that counsel had

1

been ineffective for failing to pursue a direct appeal of the convictions. *Id.* at pgs.89-95. Apparently, the trial court agreed with the petitioner and granted him relief in the form of a delayed appeal. *Id.* at pg.111.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.27-5 at pgs.182-196. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.27-9.

In November, 2006, the petitioner filed a second *pro se* petition for state post-conviction relief. Docket Entry No.27-4 at pgs.4-47. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.59-67. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.27-13 at pgs.8-28. Once again, the Tennessee Supreme Court denied the petitioner's application for additional review. *Id.* at pg.30.

### B. Procedural History

On February 4, 2010, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts seven claims for relief. More specifically, he alleges that

> 1) the evidence was insufficient to support convictions for especially aggravated sexual exploitation of a minor and child rape;

2

> 2) the trial court erred in relying upon sentence enhancement factors that had not been determined by a jury;
>
> 3) trial counsel was ineffective for[1]
>    a) failing to file a motion to sever,
>    b) failing to file motions to suppress a taped conversation between the petitioner and the victim, items seized from the petitioner's home, and the petitioner's statement to the police,
>    c) failing to "move the Court to require the State to elect which offense of child rape they would rely on for a unanimous jury verdict";
>    d) failing to challenge the indictment as defective; and
>
> 4) appellate counsel was ineffective for failing to keep in contact with the petitioner.[2]

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.6) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer to the petition (Docket Entry No.27), to which the petitioner has

---

[1] At trial, the petitioner was represented by Charles Bloodworth, an Assistant Public Defender in Robertson County.

[2] On direct appeal, the petitioner was represented by Roger Nell, the Public Defender for Robertson County.

3

filed a Reply (Docket Entry No.37).

## C. Analysis of the Claims

Prior to initiating the instant action, each of the petitioner's claims was fully litigated in the state courts on either direct or post-conviction review and was found to be lacking in merit.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated.

4

*Id.* at 529 U.S. 389.

**1)  Sufficiency of the Evidence**

The petitioner alleges that the evidence was insufficient to support his convictions for especially aggravated sexual exploitation of a minor and child rape (Claim No.1).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. 2789.

In Tennessee, the especially aggravated sexual exploitation of a minor occurs when a person knowingly promotes, uses, employs assists, transports or permits "a minor to participate in the performance of, or in the production of, acts or material that includes the minor engaging in:

>  (1)  Sexual activity; or

>  (2)  Simulated sexual activity that is patently
offensive.
Tenn. Code Ann. § 39-17-1005.

Child rape is defined by statute as the unlawful sexual

5

penetration of a victim by the defendant or the defendant by a victim, where the victim is more than 3 years old but less than 13 years old. Tenn. Code Ann. § 39-13-522.

The victim's mother (Crystal Meadows) testified that her son was 11-12 years old at the time that the incidents in question occurred. Docket Entry No.27-2 at pg.156. After her son told her about the incidents, she recorded a telephone conversation between the petitioner and her son.[3] *Id.* at pgs.263-266.

A police detective (Mike Carlisle) listened to the tape recording and went with some officers to the petitioner's home. *Id.* at pg.168. With petitioner's consent, the officers searched his home. *Id.* at pg.267. They found a box containing various sex related items and some videotapes. *Id.* at pgs.171-172. Included among the videotapes was an "adult" cartoon that the victim acknowledged watching with the petitioner. *Id.* at pgs.173,204.

Prior to questioning, the petitioner signed a waiver of his Miranda rights. *Id.* at pg.270. His subsequent interview with the police was tape recorded and played back for the jury. *Id.* at pg.180. During the interview, the petitioner admitted that he allowed the victim to look at some of his "porno magazines". He also admitted to having oral sex with the victim. *Id.* at pgs.273-275. Detective Carlisle testified that the petitioner told him of

---

[3] The telephone conversation was recorded at the suggestion of the police. Docket Entry No.27-2 at pgs.162-163.

6

an occasion during which he made a videotape of him and the victim engaging in mutual oral sex. The petitioner showed the videotape to his wife and erased it. *Id.* at pg.180-181. The victim later confirmed for the jury that the petitioner had videotaped them having oral sex. *Id.* at pgs.204-205. The petitioner offered no defense to the charges.

From this evidence, any jury could have reasonably found that the petitioner was guilty of especially aggravated sexual exploitation of a minor (videotaping of sex act) and child rape (oral sex). For that reason, the petitioner's sufficiency of the evidence claim has no merit.[4]

## 2) Ineffective Assistance of Counsel

Five of the petitioner's claims attack the effectiveness of his legal representation. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was

---

[4] At trial, a statement made my the petitioner's wife, Michelle (a co-defendant), was read to the jury. In this statement, she admits to having sex with the victim while her husband watched them. She also acknowledged that, a short time later, her husband videotaped himself having sex with the victim. She watched the videotape before her husband erased it. Docket Entry No.27-2 at pg.277. Because the admission of this statement is being challenged by the petitioner as improper, the Court has chosen to consider the weight of the evidence against the petitioner without this statement.

7

in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective for failing to file a motion to sever his trial from that of his co-defendant wife (Claim No.3a). At the post-conviction evidentiary hearing, counsel testified that the petitioner and his wife decided to be tried together, "and the decision was made by each of them that they would not testify and would not present proof." Docket Entry No.27-5 at pg.14. The petitioner admitted that he never raised an objection to being tried together. *Id.* at pg.112. From this testimony, the trial judge found that counsel had not been deficient for failing to file a motion to sever, even though the better practice might have been to file such a motion. In any event, the petitioner had failed to show prejudice arising from the decision not to sever. Docket Entry No.27-4 at pg.64. This Court agrees with that finding.

It has also been claimed that counsel was ineffective for

8

failing to file motions to suppress the taped conversation between the petitioner and the victim, items seized from the petitioner's home, and the petitioner's statement to the police (Claim No.3b). The victim and his mother were aware of the taping of the telephone conversation with the petitioner because they had initiated the taping. Docket Entry No.27-2 at pg.163. The petitioner had consented to a search of his home, *Id.* at pg.267, and had waived his Miranda rights prior to giving the police a statement. *Id.* at pg.270. Counsel had no legal basis for filing a motion to suppress. As a consequence, counsel's failure to do so was not ineffective representation.

The petitioner asserts that counsel should have moved "the Court to require the State to elect which offense of child rape they would rely on for a unanimous jury verdict" (Claim No.3c). In response to this allegation, the trial judge found:

> The petitioner alleges that Mr. Bloodworth was ineffective by failing to require the state to elect whether it was "my mouth to his privates/or his mouth to my privates." Even if counsel should have done so, looking at all of the evidence it is incomprehensible that there was any harm to the petitioner. The victim testified that both events occurred during the same episode. The petitioner's statement was that both occurred during the same episode. All of the evidence is the same. There is absolutely no way that the outcome of the trial would have been different.

9

Docket Entry No.27-4 at pg.65.

The Court agrees with the finding of the trial judge. There was no prejudice to the petitioner arising from counsel's failure to file a motion to elect. Therefore, this claim has no merit.

The petitioner urges that counsel was ineffective for failing to challenge the indictment as defective, i.e., the indictment did not allege that the petitioner "acted unlawfully and knowingly or with any other intent" (Claim No.3d).[5] The petitioner was charged in Count 7 of the indictment with promoting, employing, using, assisting, transporting or permitting a minor to participate in the performance or in the production of material which included the minor engaging in mutual sexual activity. From this language, intent is an element of the offense that is plainly implied. Consequently, counsel was not deficient for failing to question the indictment on that basis.

The petitioner's final ineffective assistance claim is that appellate counsel should have kept in better contact with him (Claim No.4). The petitioner feels that counsel was ineffective in this respect because it "prevented the petitioner from actively participating in his own appeal." The petitioner, however, has not identified in what way better or more frequent communication with

---

[5] The only count of the indictment that did not specifically allege conduct that was unlawful, felonious, intentional and knowing is Count 7, charging the petitioner with especially aggravated sexual exploitation of a minor. Docket Entry No.27-1 at pg.8.

10

his attorney would have improved his chances on appeal. In short, he has failed to demonstrate the requisite prejudice to sustain this claim.

3) **Sentence Enhancement Factors**

Finally, the petitioner claims that the trial court erred in relying upon sentence enhancement factors that had not been determined by the jury (Claim No.2).

The constitutional guarantee of a jury trial proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. Blakely v. Washington, 542 U.S. 296 (2004). The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but rather the maximum he may impose without any additional findings. *Id.* at 542 U.S. 303-04.[6]

The petitioner was sentenced to concurrent terms of ten (10) years for the especially aggravated sexual exploitation of a minor and twenty four (24) years for child rape. Docket Entry No.27-1 at pgs.74-76. Especially aggravated sexual exploitation of a minor is a Class B felony in Tennessee. Tenn. Code Ann. § 39-17-1005(d). The

---

[6] The respondent argues that the 2004 Blakely opinion is not applicable here because it was decided after the petitioner's convictions became final on direct appeal. Docket Entry No.27 at pg.30. The respondent is mistaken in this regard. A delayed direct appeal of petitioner's convictions became final on August 28, 2006, the date the Tennessee Supreme Court denied his application for discretionary review. Docket Entry No.27-9.

11

sentencing range for a Class B felony is 8-12 years. Tenn. Code Ann. § 40-35-112(a)(2). Child rape is a Class A felony. Tenn. Code Ann. § 39-13-522(b). It is punishable by a sentence of 15-25 years in prison. Tenn. Code Ann. § 40-35-112(a)(1). The minimum sentence within each range is the sentence that should be imposed unless enhancement factors justify an increase in sentence. Tenn. Code Ann. § 40-35-210(c)(1).

The petitioner received a sentence that exceeded the statutory minimum for each felony conviction.[7] Thus, enhancement of the sentences would only be proper if the enhancement was based upon a prior conviction, or a fact either found by the jury or admitted by the petitioner. Blakely, supra. The trial judge premised the enhancement of the petitioner's sentences on a finding that he was a leader during the criminal activity, the offense was committed to satisfy the petitioner's desire for pleasure or excitement, and the petitioner had abused a position of trust. Docket Entry No.27-3 at pgs.43-45.

In his statement to the police, the petitioner said that "anything that my wife might have done was total coercion and manipulation on my part." Docket Entry No.27-2 at pg.275. Thus, the petitioner admitted that he was the leader and his wife was a follower during the course of their crimes. This renders

---

[7] Exhibiting materials harmful to a minor is a Class A misdemeanor that is not be challenged in this instance.

12

petitioner's leadership a legitimate factor in the enhancement of his sentences. However, the findings of sexual gratification and an abuse of trust were factors neither admitted by the petitioner nor found by a jury. Therefore, it appears that the petitioner's sentences may have been illegally enhanced through the application of those factors.

## D. CONCLUSION

The petitioner has failed to show that the evidence was insufficient (Claim No.1) or that he was denied the effective assistance of counsel (Claim Nos.3a-d,4). Accordingly, those claims have no merit and shall be dismissed. However, this Court can not ignore the possibility that the petitioner's felony sentences were improperly enhanced. Therefore, that claim will be referred to the Magistrate Judge for further findings of fact and a recommendation as to its disposition.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

13