IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK ALLEN )
) No. 3-10-0165
v. )
)
TONY PARKER, Warden )

O R D E R

Pursuant to the orders entered August 23, 2010 (Docket Entry No. 39), and September 23, 2010 (Docket Entry No. 55), an evidentiary hearing was scheduled on December 7, 2010, at which time the petitioner appeared pursuant to the order to produce entered November 15, 2010 (Docket Entry No. 59), and counsel for the petitioner and the respondent appeared. Neither party had any proof to offer and did not call any witnesses to testify or otherwise introduce any evidence. However, the following matters were addressed:

1. Both parties agreed that the record in this case is complete.

2. The respondent conceded that the trial court had violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by enhancing the defendant's sentence based on factors not determined by the jury.[1] However, the respondent argued that such error was harmless in the context of this habeas corpus proceeding (as opposed to direct appeal).

3. The respondent did not raise the issue of harmless error in his answer (Docket Entry No. 27), relying on his contention that Blakely was decided after the petitioner's convictions became final on direct appeal and that Blakely could not be retroactively applied in this case, a position rejected by the Court. Therefore, the parties should have the opportunity to brief whether the Blakely violation constitutes harmless error.

---

[1] Counsel for the respondent also represented that the Court's finding in the memorandum entered August 23, 2010 (Docket Entry No. 38), that the petitioner had admitted to his leadership role in the offense does not vitiate the Blakely violation because all three factors considered to enhance the sentence must have been admitted or determined by a jury, particularly since the trial court gave particular weight to the abuse of trust factor and merely mentioned the leadership factor.

4. The respondent shall have until January 18, 2011, to file a memorandum in support of his position that the petitioner should be denied habeas corpus relief.

The petitioner shall have until February 17, 2011, to file a response. Any reply, if necessary, shall be filed by February 24, 2011.

In addition, the parties shall include in their memoranda whether the petitioner failed to exhaust his claim that the trial court improperly enhanced his sentence by considering the abuse of trust factor since it appears that the petitioner did not raise that issue before the state appellate courts, although he did raise the issue of improper enhancement based on use of leadership and sexual gratification or desire, and, assuming that there is such a failure to exhaust, what impact such failure has on the petition before this Court.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge