IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK ALLEN )
)
v. ) NO. 3:10-0165
)
TONY PARKER )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 23, 2010 (Docket Entry No. 39), the above captioned petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2254 Cases, for an evidentiary hearing to determine the merits of the petitioner's illegal enhancement of sentence claim.

On December 7, 2010, an evidentiary hearing was held. The petitioner and respondent have both submitted supplemental briefs on the merits of the claim before the Court. See Respondent's Brief (Docket Entry No. 67); Petitioner's Response (Docket Entry No. 68); and Respondent's reply (Docket Entry No. 71). For the reasons set out below, the Court recommends that the petition for habeas corpus relief be denied and this action be dismissed.

## I. BACKGROUND

The petitioner is an inmate of the Tennessee Department of Correction currently incarcerated at the Northwest Correctional Center. He was convicted in Robertson County, Tennessee, on October 14, 2003, of the crimes of: 1) rape of a child; 2) especially aggravated exploitation of a minor; and 3) exhibition of material harmful to a minor. The convictions were based upon facts showing that the petitioner and his wife sexually molested a 12 year old boy whom they knew and had befriended through the boy's mother. The events, which occurred on a single day, were videotaped by the petitioner and watched by the petitioner and his wife but the video was subsequently erased by them. Both the petitioner and his wife confessed to the crimes.

The petitioner received a sentence of 24 years for rape of a child, 10 years for aggravated sexual exploitation, and 11 months and 29 days for the misdemeanor charge of exhibition of harmful material, all of which were to be served concurrently.

No timely direct appeal of the convictions was taken by the petitioner's attorney. As a consequence, the petitioner filed a pro se petition for post-conviction relief, alleging that counsel had been ineffective for failing to pursue a direct appeal of the convictions. See Docket Entry No. 27-1, at 89-95. The trial court granted him relief in the form of a delayed appeal. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. See Docket Entry No. 27-5, at 82-196. The Tennessee Supreme

Court later denied petitioner's application for further review. See Docket Entry No. 27-9. In November of 2006, the petitioner filed a second pro se petition for state post-conviction relief. See Docket Entry No. 27-4, at 4-47. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Id. at 59-67. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. See Docket Entry No. 27-13, at 8-28. Once again, the Tennessee Supreme Court denied the petitioner's application for additional review. Id. at 30.

## II. PROCEDURAL BACKGROUND

On February 4, 2010, the petitioner filed the pending pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting seven claims for relief. More specifically, he alleges that:

1) the evidence was insufficient to support convictions for especially aggravated sexual exploitation of a minor and child rape;

2) the trial court erred in relying upon sentence enhancement factors that had not been determined by a jury;

3) trial counsel was ineffective for:
   a) failing to file a motion to sever,
   b) failing to file motions to suppress a taped conversation between the petitioner and the victim, items seized from the petitioner's home, and the petitioner's statement to the police,

> c) failing to "move the Court to require the State to elect which offense of child rape they would rely on for a unanimous jury verdict";
>
> d) failing to challenge the indictment as defective; and
>
> 4) appellate counsel was ineffective for failing to keep in contact with the petitioner.

See Docket Entry No. 1.

After the respondent's Answer (Docket Entry No. 27) and petitioner's Reply (Docket Entry No. 37), the Court dismissed on their merits[1] the petitioner's insufficiency of the evidence claim and all claims of ineffective assistance of counsel, leaving as the only remaining claim the petitioner's claim that he was illegally sentenced. See Memorandum (Docket Entry No. 38) and Order (Docket Entry No. 39) entered August 23, 2010. This claim was referred to the Magistrate Judge for an evidentiary hearing to determine the merits of petitioner's illegal enhancement of sentence claim. See Docket Entry No. 39.[2] By Order entered September 23, 2010 (Docket Entry No. 55), the Federal Public Defender was appointed to represent the petitioner at the evidentiary hearing.

---

[1] The Court found that all claims raised by the petitioner had been fully exhausted in the state courts. See Docket Entry No. 38, at 4.

[2] The Court rejected the respondent's argument that the petitioner could not rely on Blakely because his conviction became final before Blakely was decided. See Docket Entry No. 38, at 11, n.6. This was the only argument for dismissal of this ground for relief which the respondent raised in its Answer.

### III. THE ILLEGAL ENHANCEMENT OF SENTENCE CLAIM

The petitioner alleges that the trial court relied on enhancement factors in setting his sentences which had not been determined by the jury or admitted by him and thus violated the rules of law announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Sixth Amendment guarantee of a jury trial proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. Blakely, supra. The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but rather the maximum he may impose without any additional findings. Blakely, 542 U.S. at 303-04.

In the August 23, 2010, Memorandum, the Court found that under Tennessee law the sentencing range in Tennessee is 15-25 years for the crime of child rape and is 8-12 years for the crime of especially aggravated sexual exploitation of a minor. See Docket Entry No. 38, at 11-12. The Court further found that, under Tennessee law, the minimum sentence within each range is to be imposed unless enhancement factors justify an increase in the sentence. Id. Because the petitioner's 24 year sentence for child rape and 10 year sentence for the especially aggravated sexual exploitation of a minor were greater than the statutory minimum sentences for these two crimes, the Court found that Blakely was

applicable and that the enhancements of the petitioner's sentences would only be proper if they were based upon a prior conviction or upon a fact either found by the jury or admitted by the petitioner. Id. at 12.[3] After review of the state court record, the Court found that the state sentencing judge relied on three aggravating factors as the basis for enhancing the petitioner's sentences: 1) the petitioner was a leader in the criminal activity; 2) the offenses were committed to satisfy the petitioner's desire for pleasure or excitement; and 3) the petitioner had abused a position of trust with the victim. Id.

The Court then found evidence in the state court record that the petitioner had admitted facts showing that he was a leader in the criminal activity, which rendered this a legitimate enhancement factor as relied on by the sentencing judge. With respect to the other two enhancement factors, the Court found that these were "neither admitted by the petitioner nor found by the jury" and that "it appears that the petitioner's sentences may have been illegally enhanced through the application of those factors." Id. at 13.

## IV. EVIDENTIARY HEARING

At the evidentiary hearing held on December 7, 2010, neither party presented any evidence and counsel for both parties represented that they would rely on the record that was already before the Court. The respondent conceded that the state court did, in fact,

---

[3] The sentence for the misdemeanor conviction is not at issue. See Docket Entry No. 38, at 12 n.7.

enhance the petitioner's sentence above the presumptive minimum based upon two enhancement factors – the offenses were committed to satisfy the petitioner's desire for pleasure or excitement and the petitioner had abused a position of trust with the victim – but that these factors were not found by the jury and that a violation of <u>Blakely</u> had occurred. However, the respondent argued that any violation of <u>Blakely</u> amounted to harmless error. Because the issue of harmless error had not been previously raised by the respondent, the Court gave both parties the opportunity to submit post-evidentiary hearing briefs outlining their positions. <u>See</u> Order Entered December 14, 2010 (Docket Entry No. 63).[4]

## V. STANDARDS GOVERNING REVIEW OF SECTION 2254 PETITIONS

The Court may grant the writ of habeas corpus on a claim that was adjudicated on the merits in state court only if that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

---

[4] The Court also directed both parties to address the issue of whether the petitioner failed to exhaust his <u>Blakely</u> claim that was based on use of the abuse of trust enhancement factor. <u>See</u> Docket Entry No. 63, at 2. Neither party complied with this directive. However, as set out <u>infra</u> at 10-12, the Court finds that this claim does not warrant habeas corpus relief on its merits and, thus, the issue of exhaustion is not controlling as to this claim.

in the State court proceeding. 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir. 1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, Petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams</u>, <u>supra</u>. In short, a state court judgment must be upheld unless, after an examination of the judgment, the Court is firmly convinced that a federal constitutional right has been violated. <u>Id</u>.

## VI. ANALYSIS

The respondent concedes that the state sentencing court relied on two sentencing enhancement factors which were not found by the jury or admitted by the petitioner and, thus, violated the petitioner's Sixth Amendment rights regarding the imposition of his sentence as set out in <u>Blakely</u>. See Respondent's Brief (Docket Entry No. 67), at 7. Further, the respondent concedes that the state appellate court's rejection of the petitioner's <u>Blakely</u>

challenge to his sentence resulted in a decision what was contrary to clearly established federal law as determined by the United States Supreme Court. Id.

The concession that a Blakely error occurred, however, does not necessarily entitle the petitioner to habeas corpus relief. The failure to submit a sentencing factor to the jury, like a failure to submit an element of a crime to the jury, is not structural error, and accordingly, such error is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212, 221-22, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); Villagarcia v. Warden, Noble Correctional Inst., 599 F.3d 529, 536 (6th Cir. 2010).

The Supreme Court has explained that in cases involving review of a state-court criminal judgment under 28 U.S.C. § 2254, "an error is harmless unless it 'had substantial and injurious effect or influence in determining the jury's verdict.'" Fry v. Pliler, 551 U.S. 112, 116, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Fry adopted Brecht's more "state-friendly standard" for cases involving collateral review of state-court decisions. Hereford v. Warren, 536 F.3d 523, 532-33 (6th Cir. 2008). Under Fry, relief is appropriate only if the Court has "grave doubt" as to whether a jury would have found aggravating factors beyond a reasonable doubt. O'Neal v. McAninch, 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); Hereford, 536 F.3d at 533; Patterson v. Haskins, 316 F.3d 596, 609 (6th Cir. 2003).

In the instant action, the Court finds any Blakely error to be harmless. After review of the evidence that was before the jury in the petitioner's trial, the Court does not have a grave doubt as to whether the jury would have found the two enhancement factors at issue beyond a reasonable doubt. Indeed, the only reasonable reading of the evidence is that it clearly supports both enhancement factors. The petitioner argues that the Court should find that grave doubt exists solely because the harmless error analysis of the enhancement factors at issue in this case involves assessing the subjective motivations of the petitioner and making "character and credibility assessments" and does not involve a matter of essentially correcting a technical error. See Petitioner's Response (Docket Entry No. 68) at 3-6. The Court is unpersuaded by the petitioner's argument. Acceptance of the petitioner's argument would practically render application of the harmless error analysis a nullity for all but the easiest cases.

Under Tennessee law, an enhancement factor exists if the crime "was committed to gratify the defendant's desire for pleasure or excitement." See Tenn. Code Ann. § 40-35-114 (8).[5] In addressing the proof required to show this factor, the Tennessee Supreme Court has held that the factor may be shown through objective evidence of the defendant's motivation to seek pleasure or excitement through the sexual assault, and that, "because 'pleasure' and 'excitement' are affirmative mental states, this requirement is not unduly

---

[5] This enhancement factor is currently codified as Section 40-35-114(7). However, the Court shall refer to the enhancement factor as the same number as did the state courts.

burdensome, nor does it necessarily require . . . 'an admission or exclamation of motive by the defendant.'" State v. Arnett, 49 S.W.3d 250, 262 (Tenn. 2001). The factor may be shown by "evidence including, but not limited to, sexually explicit remarks and overt sexual displays made by the defendant, such as fondling or kissing a victim or otherwise behaving in a sexual manner . . . " Id.

The evidence presented at the petitioner's trial that is relevant to this issue was uncontroverted. The petitioner talked with the victim about sex, showed the victim pornography, watched as the victim and his wife, who were both naked at the time, engaged in oral and vaginal sex, and then later personally engaged in mutual fellatio with the victim. See Trial Transcript (Docket Entry No. 27-2), at 184-185 and 202-205;[6] Confession of the petitioner (Docket Entry No. 27-2 at 273-275).[7] The petitioner also made a videotape of the sexual acts involving himself and the victim and later viewed the videotape with his wife before destroying it. See Trial Transcript at 184-185 and 204-205. Given the overwhelming evidence of the sexual nature of the crimes committed against the victim and the petitioner's sexual behavior toward the victim, the Court has no doubt, let alone a grave doubt, that the jury would have found beyond a reasonable doubt that the

---

[6] The Court's citations to the trial transcript are to the pagination for the docket entry at which the trial transcript has been entered into the electronic record, not to pagination contained in the original trial transcript.

[7] Page two of the petitioner's four page transcribed confession is missing from the record.

petitioner was acting to satisfy his desire for pleasure or excitement while committing the crimes had the jury been specifically presented with this question. Indeed, the evidence could not reasonably be viewed otherwise.

There is also an enhancement factor under Tennessee law if the defendant "abused a position of public or private trust." Tenn. Code Ann. § 40-35-114 (16).[8] In addressing the scope of this enhancement factor, the Tennessee Supreme Court in State v. Kissinger, 922 S.W.2d 482 (Tenn.1996), noted that the factor involves two questions: 1) whether the petitioner was in a position of trust vis-a-vis the victim; and 2) whether the petitioner abused the trust in committing the offense; and further held that:

> [t]he position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith.

922 S.W.2d 488.

The relevant evidence presented at trial was again uncontroverted. The victim was a 12 year old boy who had never met his father. See Trial Transcript (Docket Entry No. 27-2), at 156 and 161. His mother met the petitioner through a friend at work and allowed the victim and the petitioner to develop a friendship in which she believed the

---

[8] This enhancement factor is currently codified as Section 40-35-114(14). However, the Court shall refer to the enhancement factor using the same number as was used by the state courts.

petitioner was acting as a father figure or male role model to the victim. Id. at 158-161. The mother had never visited the petitioner's home, but permitted the victim to spend time at the petitioner's home by himself on several occasions during the winter of 2001 and the spring of 2002. Id. at 161-62. The victim testified that he was at the petitioner's house on "several occasions" and once a week or every other week. Id. at 201-02 and 206. Additionally, there was no evidence at trial that the petitioner used physical force or threats to commit the crimes.

The evidence is overwhelming that the petitioner was in a position of private trust with respect to the victim. Although not a relative of the victim, the petitioner had a relationship with the young boy that was akin to a father-son relationship and the petitioner was not merely a casual acquaintance of the victim. Further, the victim regularly visited the petitioner's home over a period of several months without his mother, who trusted the care of her son to the petitioner on each of these occasions. All of these factors support a finding of a position of private trust. See Kissinger. 922 S.W.2d. at 489 (position of private trust when non-relative defendant was entrusted by mother with the care of her children on various occasions and "in many ways, [the defendant] was a surrogate father to the boys"); State v. Robinson, 2006 WL 2052385 (Tenn.Crim.App. July 25, 2006) (position of private trust existed when non-relative had lengthy relationship with 12 year old boy, was considered a family friend or uncle, and was permitted to be around, watch over, and

travel with the victim). Finally, there is no evidence that the commission of the crimes at issue occurred for any reason other than the petitioner's abuse of this trust. The Court has no doubt, let alone a grave doubt, that the jury would have found beyond a reasonable doubt that the petitioner abused a position of private trust in committing the crimes had the jury been specifically presented with this question. Indeed, the evidence could not reasonably be viewed otherwise.

The petitioner contends that Lyons v. Weisner, 247 Fed. Appx. 440, 2007 WL 2683219 (4th Cir. Sept. 11, 2007), strongly supports his argument that the Blakely errors were not harmless. The defendant in Lyons pled guilty to a sexual offense against a 15 year old boy and raised in his habeas corpus petition a Blakely challenge to the state sentencing court's enhancement of his sentence based on the court's finding that the defendant took advantage of a position of trust to commit the offense. In overturning the district court's decision that the Blakely error was harmless, the Fourth Circuit found that the evidence supporting the enhancement factor was insufficient to provide the court with a "fair assurance" that a reasonable jury would have found beyond a reasonable doubt that a position of trust existed between the defendant and the victim or that the defendant abused that position to commit the assault. 247 Fed. Appx. at 445.

However, contrary to the petitioner's assertion that Lyons is highly analogous to the instant case, see Docket Entry No. 68, at 5, the facts of Lyons are readily distinguishable.

In <u>Lyons</u>, the victim and his family had temporarily stayed at the defendant's home for approximately a month and a half, and the Fourth Circuit specifically noted that the victim was neither related to the defendant nor had a particularly close relationship with the defendant. <u>Id</u>. at 442 and 446. Further, the Fourth Circuit found that the evidence showed that the defendant accomplished his actions solely through the use of force by pointing a gun at the victim during commission of the crimes. <u>Id</u>. at 446. Given the marked factual differences between the instant case and <u>Lyons</u>, the Court finds no support in <u>Lyons</u> for the petitioner's position.

Although the petitioner asserts that "there is conflicting evidence that could easily have led a jury to conclude that the sentencing factors do not apply," <u>see</u> Docket Entry No. 68, at 1, the petitioner has not pointed to this conflicting evidence and after thorough review of the record in this action, the Court finds that the record clearly supports the enhancement factors and that a reasonable jury would have found the enhancement factors beyond a reasonable doubt. The Court concludes with fair assurance that the omission of a jury's determination of these factors did not have a substantial and injurious effect or influence on the petitioner's sentence. The constitutional error by the state court was harmless, and federal habeas corpus relief is not warranted.

# R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that the above captioned Petition for a Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge