UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK ALLEN                         ]
    Petitioner,                   ]
                                   ]
v.                                 ]     No. 3:10-0165
                                   ]     Judge Trauger
TONY PARKER                        ]
    Respondent.                   ]

**O R D E R**

The Court has before it the Magistrate Judge's Report and Recommendation (Docket Entry No.72), petitioner's timely Objections (Docket Entry No.73) to the Report and Recommendation, and the respondent's Response (Docket Entry No.75) to the petitioner's Objections.

Because the Report and Recommendation addresses a dispositive matter, this Court has conducted a *de novo* review of the record as it pertains to the Report and Recommendation. United States v. Curtis, 237 F.3d 598,603 (6th Cir.2001).

In 2003, the petitioner was convicted of raping a child, especially aggravated sexual exploitation of a minor, and the exhibition of material harmful to a minor. For these crimes, he received an aggregate sentence of 24 years in prison.

The petitioner initiated this action (Docket Entry No.1)

1

challenging the legality of his convictions. By an order (Docket Entry No.39) entered August 23, 2010, all but one of the petitioner's claims for relief were dismissed on the merits. The sole remaining claim, i.e., whether the petitioner's sentence had been wrongly enhanced in violation of the Blakely decision, was referred to the Magistrate Judge to determine whether this claim had merit.

In accordance with this Court's referral, the Magistrate Judge conducted an evidentiary hearing. Docket Entry No.64. At the hearing, the respondent conceded that the petitioner's sentence had been wrongly enhanced in violation of Blakely. *Id.* at pg.3. Nevertheless, the respondent has argued that the sentencing error was harmless.

The Supreme Court has found that a Blakely error is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212,221-222 (2006). An error of this type will not be deemed harmless if it had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619,627 (1993). Thus, for the Blakely error in this case to be sufficiently serious enough to warrant habeas corpus relief, the Court must have grave doubt about whether the error had a substantial and injurious effect on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432,436 (1995).

In determining the appropriate sentence for the petitioner,

the trial judge relied on three aggravating factors. These factors included petitioner's role as a leader in the criminal activity, the petitioner's desire to satisfy his need for pleasure or excitement, and the abuse of his position of trust with the victim. The petitioner admitted his role as leader in the criminal activity and that factor was properly considered when calculating petitioner's sentence. However, the petitioner did not admit, nor did a jury find, that the other two factors were present in this case. Therefore, these factors should not have been considered by the trial judge.

The Magistrate Judge has heard the arguments of the parties and reviewed the record in this case. She has determined that there was more than ample proof in the record for a jury to find the two enhancement factors at issue beyond a reasonable doubt. Docket Entry No.72 at pgs.10-12. For that reason, the Magistrate Judge has concluded that the Blakely violation in this case is harmless.[1]

The record supports the conclusion reached by the Magistrate Judge. There is no grave doubt lingering to suggest that a jury would not find that the petitioner committed these crimes in an effort to satisfy his desire for pleasure or excitement. Moreover,

---

[1] The petitioner was given an opportunity at the evidentiary hearing to introduce evidence in an effort to refute the proof in the record that supports a finding of the two impermissible enhancement factors. The petitioner, however, chose not to present any evidence at the hearing. Docket Entry No.64 at pg.3.

the evidence is overwhelming that the petitioner abused a position of trust he had with the young victim.

Accordingly, the Court finds that the <u>Blakely</u> violation admitted to by the respondent was harmless. The plaintiff's Objections to the Report and Recommendation are OVERRULED. The Report and Recommendation is ADOPTED and APPROVED in all respects. This action, therefore, is hereby DISMISSED with prejudice.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge